The Board of County Commissioners of Shawnee County *v.* C. C. Whiting.

*Error from Shawnee County.*

When any person has been convicted of crime, he is liable for all costs made, both in the prosecution and defense of the case, and this liability is not affected by § 22, act of March 6th, 1862 [Comp. L., p. 564], on fees, &c.

Where such person is insolvent, the county where such offense was committed is liable for all the costs made on behalf of the prosecution, together with fees for board of the criminal. [§§ 211, 218, Crim. Code Comp. L., 281, 282.] *Semble,* § 218 provides that the county would be liable for no other costs; but,

*Held* that § 22, act March 6th, 1862, providing that the fees of the clerk and sheriff, where the state fails to collect during the vacation following the sentence, shall be paid out of the county treasury, gives a new rule for the payment of the costs made by defendant, of clerk and sheriff, and that where the state fails to collect as provided, the county is liable therefor.

This section makes it the duty of the state to collect the costs of defendant during the vacation following the sentence, if possible.

At the May term, A. D. 1867, of the district court of Shawnee county, one William Reed was duly tried for, and convicted of a felony, and thereupon sentenced to confinement and hard labor in the penitentiary.

The claim of the defendant in error is for costs (sheriff's fees) made by the said Reed, on his part, and exclusively in his own defense, in his said trial; defendant in error being then sheriff of Shawnee county.

At the regular session of the board of county commissioners of Shawnee county, in October, 1867, the plaintiffs in error refused to allow or pay the defendant in error such costs; claiming that the county of Shawnee was not liable therefor under the law. An agreed statement of these facts, the parties to this action submitted to the court below for a determination of the rights of these parties under the law, asking for judgment accordingly.

The court below rendered judgment in favor of the defendant in error, and against plaintiffs in error; and upon this, error is assigned.

*Tom Ryan, County Attorney*, for plaintiffs in error.

*John Guthrie*, for defendant in error.

*Ryan* submitted:

The simple question to be determined, is, whether the county is liable to pay the costs made by the defendant, on his part, in a case where such defendant is charged with a criminal offense, tried for the same, duly convicted thereof, and sentenced, such defendant being insolvent.

It is submitted that the county is not liable for such costs, whether such defendant is solvent or insolvent. Unquestionably, the county would not be liable at common law for such costs. If liable at all, then it must be by virtue of some statute law. 36 *Pa. S.*, 317.

Sec. 311 (Code Crim. Pro.) provides "the costs shall be paid by the county in which the offense is committed, in which the defendant shall be convicted, and shall be unable to pay them." It cannot fairly be gathered from the terms of this section, that the county would be liable for the costs made on the part of the defendant, if he were unable to pay them himself. It rather contemplates that the costs on the part of the state shall be paid by such defendant, if he be convicted, and shall be able to pay them. At common law, the defendant, Reed, would alone be liable for these costs. 21 *Mo.*, 272 ; *Co. of Franklin* v. *Conrad*, 36 *Pa. S.*, 317.

It was not the intention of the legislature, by that section, to relieve defendant from such liability, nor to encumber the county therewith, but to compel him to pay the costs incurred on the part of the state, if he be solvent, and thereby relieve the county ; but in case of his insolvency, to compel the payment of costs incurred by the state in convicting him, by the party making such costs—not costs made by the defendant on his part. But this question of what the term "costs" in said § 311 was intended to embrace, is made clear by § 318 (Code Crim. Proc.): "Whenever any person shall be convicted of any crime or misdemeanor, no costs incurred on his part, except fees for board, shall be paid by the territory or county."

There is no conflict between these sections. They must be so construed together as to give effect to each and every part of both, if possible. This is done when § 311 is interpreted correctly, in which case it would read thus: "The costs (made by the state) shall be paid by the county in which the offense is committed,

in which the defendant shall be convicted, and shall
be unable to pay them."

When the rules for the construction of statutes are
applied to the sections cited, it will then be found:

1. That when a party is convicted of a criminal of-
fense, such party is liable for all the costs.

2. If such convicted party be insolvent, then the
county shall pay costs made on the part of the state,
and no other, except fees for board.

Until the passage of the act of March 6th, 1862, there
was nothing in the laws of Kansas, limiting the time
for the collection of the state's costs by the state from
the defendant, or fixing any period for paying them
out of the county treasury to the officers entitled to the
same.

Section 22, chapter 99, of that act, provides: "The
fees of the district clerk and sheriff, in any criminal
action wherein the state fails to convict, or to collect
the costs during the next vacation after sentence, shall
be paid out of the county treasury; but no fees shall
be paid by the county during the pending of the suit."

By this section, a remedy is supplied for the mis-
chief of delay in making any effort to collect cost from
the defendant, and thereby keeping the officers out of
the fees the county would be liable to pay if defendant
were insolvent. Here the state must collect the costs
from defendant "during the next vacation after sen-
tence," and if she fails to do so, then the fees of these
officers shall be paid out of the county treasury. What
fees? Certainly only such as the county would be
liable to pay under the law as it then stood—in case of
defendant's insolvency.

It was not the intention of the legislature to augment
the liability of the county by enacting this section, but

simply to limit the state to a time for the collection of her costs from the defendant, or determining his insolvency, that officers might not be indefinitely deprived of such fees as defendant ought to pay ; or in case of his insolvency, as the county would be liable for, to wit : costs made on the part of the state. This is apparent, when we consider what the old law was, the mischief that existed, and the needed remedy.

The old law provided that no costs incurred on the part of the defendant, except fees for board, shall be paid by the county, if such defendant be convicted ; but that in such case the county shall be liable for costs made on the part of the state, if the same cannot be collected of such defendant.

Surely there is nothing in this section (22) necessarily repugnant to the old law. It will not be construed to repeal sec. 318 of the code of criminal procedure, unless it be absolutely repugnant to the same. 1 *Bish. Cr. L.*, §§ 65, 6 ; 1 *Kent's Com.*, 518, 520, 524, *note "c;"* 9 *Cush.*, 465 ; 12 *Ill. R.*, 339.

It will be construed to harmonize with the old law, if possible, for repeals by implication are not favored in law.

Each and every part of the old law remains in full force when sec. 22, above cited, is construed to mean that, if the state fails to collect the costs during the next vacation after sentence, the fees of the sheriff and district clerk, made by the state, shall be paid out of the county treasury. If sec. 22 is amendatory of sec. 318 of the code of criminal procedure, it is in conflict with sec. 16 of art. 2 of the constitution, and therefore void. 5 *Ind.*, 327.

The defendant, Reed, is alone liable for this claim.

If he be insolvent, such fees are a burden upon the office of sheriff.

He who takes the office of sheriff takes it *cum onere.* *Bryner* v. *the Board of Supervisors of Peoria Co.,* 24 *Ill. R.,* 195.

The defendant in error must be able to point to a statute to entitle him to recover his claim from the county. County commissioners have no power to pay such costs, except in the specific circumstances prescribed by the legislature. *The Co. of Franklin* v. *Conrad,* 36 *Pa. S.,* 317, Woodman, J.; *Donnelly* v. *The Co. of Johnson,* 7 *Iowa,* 419 ; *Gale* v. *Grannis,* 9 *Ind.,* 139 ; *Israel* v. *The State,* 8 *Ind.,* 467 ; *Ruber* v. *Auditor of Wayne Co.,* 12 *Ohio S. R.,* 429.

*Guthrie,* for defendant in error, maintained :

That section 22, act of March 6th, 1862, clearly provides for the payment of *all* the fees of the clerk and sheriff—1. When the state fails to convict; and 2. When the defendant is convicted and the state is unable to make the costs off the felon's estate.

Section 311, Crim. Code, providing that "the costs shall be paid by the county  *  *  * (in cases) in which the defendant shall be convicted, and shall be unable to pay them," includes all costs. The next section (312) provides that "in all cases in which the defendant is acquitted, the costs shall be paid by the county, unless the prosecution shall be adjudged to pay them." (*Comp. L.,* 281.) If there be any rule controlling these two last sections, it will be found in section 318 (*p.* 282).

It is insisted by defendant in error that any effect that may be drawn from this section, as to limit the effect of sections 311 and 312 to a liability on the part

of the county to pay, of the costs made in behalf of the defense, only the board of the culprit, was destroyed by the act of March 6th, 1862, section 22 of which, by implication, repealed section 318 of the criminal code. The latter act was passed in 1859 (July 9th). The last expression of the legislative will (March 6th, 1862), must prevail.

*By the Court,* Safford, J.

The record in this case presents but one question for our consideration, to wit: Is a county liable, under the laws of this state, for the costs, or any part thereof, made by a defendant in his own behalf, in a case where such defendant, having been charged with a criminal offense, has been tried, convicted and sentenced therefor, in the court having jurisdiction, such defendant being found to be insolvent?

Sections 311 and 318 of the code of criminal procedure contain the following provisions: "The costs shall be paid by the county in which the offense is committed, (in cases)* in which the defendant shall be convicted, and shall be unable to pay them." "Whenever any person shall be convicted of any crime or misdemeanor, *no costs* incurred on his part, except fees for board, shall be paid by the territory or county."

These sections—and this is conceded by counsel—embody all the law bearing upon the question under consideration, which is to be found in the criminal code.

So far, then, as the code is concerned, our inquiries in this behalf may well be quite limited.

---

* The court, in their interpretation of this section, seem to have supplied a manifest omission of the words "in cases."

By taking these provisions together, and the application of just and established rules of construction, we are able to understand that the law-making power in this enactment meant to provide—

1. That when any person has been convicted of a crime against the laws, such person is liable for all the costs which are properly chargeable under the law; that is to say, he is liable for all costs made by prosecution, and for all costs made in his own behalf.

2. In a case where such convicted person has been found to be insolvent, the county where the offense was committed is liable for, and must pay, all the costs made on behalf of the prosecution, together with fees for board of such convicted person, but is liable for none other.

The section last quoted is a limitation upon the first, and as the words used are express and certain, they must be held to exclude all costs from payment by the county in the case mentioned, except as stated.

It follows, then, that the fees of witnesses, sheriff's fees, clerk's fees, and the like, made by and in behalf of the defendant, in cases of conviction and insolvency, are in no way provided for unless it has been done by legislation subsequent to the criminal code.

In chapter 99 of the compiled laws, sec. 22, we find the following provision: "The fees of the district clerk and sheriff, in any criminal action wherein the state fails to convict, or to collect the costs, during the next vacation after sentence, shall be paid out of the county treasury; but no fees shall be paid by the county during the pendency of the suit."

This does not affect the law in regard to the liability of a person convicted of a crime, as we have seen it exists under the code; but it seems to be made the

duty of the state to collect the costs from such convicted person during the vacation following sentence, and if she fails to do so, then the county must pay all the costs of the district clerk and sheriff out of her treasury.

But it is contended by plaintiff in error that the fees here mentioned are those only which the county would have been liable for, and must have paid to the sheriff and clerk under the law first referred to. We think otherwise. The words used are, "the fees of the district clerk and sheriff, in any criminal action (in cases stated), shall be paid out of the county treasury." Surely this language is broad enough to cover all the fees of those officers in any criminal case, and must be so held.

But it is said that if this construction be given to sec. 22, above quoted, then it is repugnant to the provisions of sec. 318 of the criminal code, and repeals it by implication. This, as it seems to us, is saying too much. The legislature, by the passage of sec. 22, chapter 99, compiled laws, did not intend to repeal sec. 318 of the criminal code, but only to provide a new rule for the payment of the costs of sheriffs and clerks under certain contingencies.

That sec. 318 was left standing in full force, as to all other fees and costs to which, by its terms, it would be made applicable.

Some other points are incidentally raised by counsel in this argument, but we do not think it necessary to discuss them here.

The judgment of the district court will be affirmed.

All the justices concurring.