# HUNT v. JONES.

No. 2093.    Opinion Filed December 7, 1912.

(128 Pac. 1094.)

PLEADING — Objections and Waiver—Irrelevancy and Redundancy. Irrelevancy and redundancy contained in a pleading is waived by failing to move to strike it in the trial court.

(Syllabus by the Court.)

*Error from Kingfisher County Court;*
*John W. Graham, Judge.*

Action by Aaron A. Jones against E. W. Hunt. Judgment for plaintiff, and defendant brings error. Affirmed.

*D. K. Cunningham,* for plaintiff in error.

TURNER, C. J. On January 28, 1909, Aaron A. Jones, defendant in error, sued E. W. Hunt, plaintiff in error, before a justice of the peace in Kingfisher county on account for personal services in the sum of $195, as set forth in his bill of particulars. On February 11, 1909, with his answer thereto, defendant filed his cross-bill of particulars, in which he denied each and every allegation set forth in plaintiff's petition, except as expressly admitted, and sought to recover of defendant $232.93, as set forth therein. There was trial to a jury and verdict for plaintiff in the sum of $35. On January 17, 1910, on trial anew in the county court, defendant filed "answer and cross-petition" and prayed judgment against plaintiff in the sum of $200. Thereupon came plaintiff and filed his "reply and cross-bill of particulars," and, after pleading a general denial, prayed for judgment against the defendant in the sum of $200 in addition to the damage claimed in his former bill of particulars, praying judgment for $180. On the issues thus joined, without objection, there was trial to a jury and judgment for plaintiff in the sum of $150, and defendant brings the case here, after motion for new trial filed and overruled.

He assigns that the court erred in permitting plaintiff to file a reply and cross-bill of particulars, because, he says, the same introduces new matter and asks for additional affirmative relief after the issues in said cause were reached and settled. He argues that "a reply followed by a cross-bill of particulars in which new matter is alleged as a basis for further affirmative relief, or a reply with such a cross-bill of particulars incorporated therein, as in this case, is a mongrel sort of pleading, with vicious tendencies, and violates every known rule of the common law cr Code of Procedure," and that a reply with such thereto attached is an "unusual appendage," which should have been severed from the *corpus* of the pleading. This may be true, but as no motion to strike was interposed in the trial court as provided by Comp. Laws 1909, sec. 5659, the objection was waived. *Savage v. Chanllis et al.,* 4 Kan. 273; 21 En. Pl. & Pr. p. 244.

Finding no error, the judgment of the trial court is affirmed. All the Justices concur.