No. 42,199

STATE OF KANSAS, *Appellee,* v. MILTON M. THOMSON, *Appellant.*

(360 P. 2d 871)

Opinion filed April 8, 1961.

*Eugene T. Hackler,* of Olathe, argued the cause, and *Wilson E. Speer,* of Olathe, was with him on the briefs for the appellant.

*Hugh H. Kreamer,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, *Robert Hoffman,* assistant attorney general, and *Herbert W. Walton,* of Olathe, special prosecutor, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is a criminal action in which the defendant was convicted by a jury for unlawfully operating a motor vehicle upon a public highway, while under the influence of intoxicating liquor, in violation of G. S. 1959 Supp., 8-530.

The evidentiary facts, events and circumstances giving rise to the institution of the action may be stated thus.

On February 16, 1960, at approximately 8 p. m., Carlys Johnson, who was returning to his furniture store located near the intersection of K-10 Highway and Nieman Road in Johnson County, observed a Plymouth automobile parked in the middle of such highway, some two or three miles west of his place of business. Mr. Johnson proceeded on to his store and remained there until approximately 9 p. m. At or about that time he observed the same Plymouth automobile parked in front of his store with the motor running and the headlights on. He also observed a man slumped over the steering wheel of that vehicle. Thereupon Johnson went

to a nearby filling station and advised a part-time policeman of the situation in order that the law enforcing authorities might be informed.

As Johnson returned to his store the man in the Plymouth automobile drove onto K-10 Highway, turned around, and headed east on such highway. Immediately thereafter, and after traveling a very short distance, the Plymouth automobile stopped on the highway with its lights on and the motor running. In view of the heavy traffic, Johnson took measures to warn other drivers on the highway of the precariousness of the situation by focusing the headlights of his car on the Plymouth and by flashing his red blinker lights.

The Plymouth automobile remained parked on the highway for a period of five to ten minutes. During this time Mr. Jones, an associate of Johnson, approached such automobile and asked the driver thereof to pull it off the highway. This request was complied with. Mr. Jones then asked the driver of the Plymouth if he was in trouble, if he was sick or if he could help him in any way. Immediately following this inquiry, the driver got out of the car and pointed a revolver at Jones and Johnson. Thereupon, after exchanging some hurried explanatory remarks, the parties went over to a nearby liquor store where it was light in order that further explanation and identification could be made. All three men had just started for the liquor store when Edgar Balgrave, a Johnson County patrolman, arrived on the scene. Officer Balgrave then followed the men into the liquor store, where, after asking a few questions, he ascertained the name of the driver of the Plymouth was Milton M. Thomson and arrested him for driving while under the influence of intoxicating liquor and for assault with a deadly weapon.

During the course of the conversation, at the place mentioned, Officer Balgrave asked Thomson to submit to a recognized chemical test of his breath, as authorized by G. S. 1959 Supp., 8-1001, and he agreed to do so. Later, and upon his arrival at the court house, Thomson stated that the test was not necessary and, in response to an inquiry by one Williams, a deputy sheriff, as to whether he would take such test, stated that he would not do so. Thereupon the officers gave Thomson certain physical dexterity tests and, upon the basis of such tests and his previous conduct and actions, charged him by complaint in magistrate court (1) with feloniously endangering the lives of others contrary to G. S. 1949, 21-435; (2) with

driving a motor vehicle upon a public highway while under the influence of intoxicating liquor contrary to G. S. 1959 Supp., 8-530; and (3) with carrying a concealed weapon contrary to G. S. 1959 Supp., 21-2411.

Following preliminary proceedings in magistrate court, not here in question, defendant was bound over to district court. There an information was filed charging him with the same crimes set forth in the complaint, i. e., (1) feloniously endangering the lives of others; (2) driving a motor vehicle upon a public highway while under the influence of intoxicating liquor; and (3) carrying a concealed weapon.

After arraignment and entry of a plea of not guilty a jury was empaneled and sworn to hear and determine whether Thomson was quilty or innocent of the charges made against him. At the close of its evidence the state moved that Count 3, charging Thomson with carrying a concealed weapon, be dismissed. This motion was sustained. Thereupon, and after the overruling of his demurrer to the evidence relating to Count 1 (endangering the lives of others), the defendant adduced his evidence and the state adduced rebuttal evidence. Subsequently the cause was submitted, under written instructions, to the jury which, after several hours of deliberation, returned a verdict finding the defendant guilty of the crime of driving under the influence of intoxicating liquor as charged in Count 2 of the information and not guilty of the crime of endangering the lives of others as charged in Count 1.

Following the return of the verdict defendant filed a motion for a new trial as to Count 2. After a full and complete hearing such motion was overruled by the trial court and the verdict was approved. Thereafter, having permitted statements by counsel for the respective parties concerning their views as to the sentence which should be imposed, the trial court rendered its judgment against the defendant wherein it directed that he be fined the sum of $300 and costs, which costs should include $180 for jury fees. This appeal followed.

In our disposition of this appeal claims of error advanced by appellant will be discussed in the order in which they appear in his specifications of error and are argued in his brief.

1. Appellant's first complaint is that statements made by the trial court and an assistant county attorney in connection with the introduction of some of his evidence amounted to such misconduct

that it requires a reversal of the trial court's judgment and sentence. From a factual standpoint the most that can be said of this complaint is that in permitting appellant to introduce a letter in evidence, objected to by the state on grounds which appear to have considerable merit, the trial court stated that such evidence would be admitted for what it was worth, whereupon the assistant county attorney made the gratuitous statement "Thanks for the Court's observation." Upon objection by counsel for appellant to both statements and his comment he was sure the court by its statement did not intend to influence the jury in its decision, the court immediately turned to the jury and said "No, members of the jury, all of this is for your consideration for whatever you want to weigh it, just like all the other evidence." Thereupon, in the presence of the jury, appellant's counsel said "That is right." Moreover, we note that in its instructions, the court advised the jury that the jurors were the exclusive judges of the weight of all evidence admitted and that it must make up its verdict only from the evidence which was introduced and accepted during the trial.

This court has been required to determine questions dealing with alleged prejudicial conduct on the part of court and counsel during the trial of a case on many occasions. By the very nature of things each case has been decided on its particular facts and circumstances. However, it may be stated that all decisions dealing with the subject recognize the rule, so well established as to require no citation of the authorities supporting it, that in order to warrant or require the granting of a new trial for alleged misconduct on the part of court or counsel the conduct complained of must affirmatively appear to have been of such nature that it prejudicially affected the substantial rights of the complaining party. We have carefully reviewed the entire record in the light of the foregoing rule and are convinced that, under the confronting facts and circumstances, the conduct on which appellant relies to sustain his position on the claim of error now under consideration did not prejudicially affect his substantial rights. It follows such claim lacks merit and cannot be upheld ( G. S. 1949, 62-1718).

2. In this claim of error appellant complains because the trial court refused his request for an instruction based upon the provisions of G. S. 1959 Supp., 8-1005, which, so far as here pertinent, reads:

"Any criminal prosecution for the violation of the laws of this state relating to driving of a motor vehicle while under the influence of intoxicating liquor, . . . evidence of the amount of alcohol in defendant's blood at the time alleged, *as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substances may be admitted,* and shall give rise to the following presumptions:

"(*a*) If there was at that time less than 0.15 percent by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

"(*b*) If there was at that time 0.15 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor." (Emphasis supplied.)

The first portion of the requested instruction reads:

"You are instructed that evidence of the amount of alcohol in the defendant's blood at the time alleged he was driving while under the influence of intoxicating liquor shall give rise to the following presumptions:".

The two remaining paragraphs of such requested instruction are identical in form and language to subsections (*a*) and (*b*) of the above quoted section of the statute.

In other words, by the instruction as requested, appellant sought to invoke the benefits of the provisions of 8-1005, *supra,* even though, as previously indicated, he had not submitted to any of the chemical tests contemplated by its terms and there was no evidence of record whatsoever that he had done so.

In view of what has been heretofore related the answers to all contentions advanced by appellant in support of his position on this claim are short and simple. In the first place the provisions of 8-1005, *supra,* have application only, and are limited, to presumptions arising in a criminal prosecution for driving while under the influence of intoxicating liquor where the defendant has submitted to one of the chemical tests specified in G. S. 1959 Supp., 8-1001 and 8-1005, *supra.* In the next, since the facts of record make it clearly appear the appellant did not submit to any of such tests in connection with the case at bar, there was no occasion for the trial court to submit the defendant's requested instruction and it would have committed reversible error if it had done so.

3. We are not disposed to labor contentions advanced by the parties respecting statements made by counsel in aggravation or mitigation of punishment. It suffices to say that an examination of the record discloses all such statements deal with matters which had been brought to the court's attention by evidence adduced during the trial of the case and that in our opinion none of them

prejudicially affected the appellant's substantial rights. Moreover, it must be remembered, it is presumed that the court in inquiring as to circumstances of aggravation or mitigation disregards all incompetent evidence or statements (15 Am. Jur., Criminal Law, § 519, p. 168). Finally it should be stated that the result of the hearing in aggravation or mitigation of punishment belies all contentions made by appellant to the effect statements made by counsel for the appellee resulted in prejudice to appellant's substantial rights. In this connection it is to be noted that for his conviction, under the provisions of G. S. 1959 Supp., 8-530, the court could have punished appellant by imprisonment for not more than one year or by a fine of not less than $100 nor more than $500, or by both such fine and imprisonment, whereas, after the hearing, it required him to pay a nominal fine of $300 only. Under these circumstances it cannot be successfully argued, and we refuse to hold, that statements made at the hearing prejudicially affected his substantial rights and thus resulted in reversible error.

4. In his last specification of error appellant charges, and in his brief argues, that the court erred in assessing jury fees and mileage against him as a part of the costs of the action. Heretofore we have pointed out that in its judgment and sentence the court fined appellant the sum of $300 and costs, specifying that the costs should include *$180 for jury fees*. We note the record discloses that questions pertaining to mileage were raised in post-trial judgment motions. For that reason present consideration of appellant's contentions will be limited to the status of the judgment when rendered.

In connection with his attack against the judgment appellant contends there is no established rule or statute whereby jury fees can be assessed as costs and no decisions of this court warranting a conclusion they can be so assessed. We do not agree.

Although reference thereto is not required for purposes of disposing of the claim of error now under consideration it should be stated, at the outset, that there is no merit whatsoever in contentions advanced by the appellant to the effect there is no statutory authority in this state evidencing an intent on the part of the legislature to require a defendant, who has been convicted of an offense against the laws of the state, to be assessed with the costs, including jury fees, of the criminal action resulting in his conviction. A few of our statutes indicating that this is true will now be noted.

G. S. 1959 Supp., 62-1901, formerly G. S. 1868, Ch. 82, § 325, provides:

"The costs incurred on the part of the prosecution shall be paid by the county in which the offense is committed, when the defendant shall be convicted and shall be unable to pay them . . ."

G. S. 1949, 62-1904, also in force and effect since 1868 (G. S. 1868, Ch. 82, § 328), provides:

"Whenever any person shall be convicted of any crime or misdemeanor, no costs incurred on his part, except fees for board, shall be paid by the state or county."

G. S. 1949, 28-150, formerly Laws of 1881, Ch. 108, § 1, and later appearing in G. S. 1889, § 3042, reads:

"In all cases where the fees prescribed by this act in criminal cases for the sheriff, clerk, constables, justices of the peace, witnesses for the state, *and jurors*, are not paid by the defendant or the prosecuting witness, they shall be paid by the county in which the criminal prosecution is instituted: *Provided*, That no such fees shall be paid by the board of county commissioners until the sheriff shall have filed his affidavit that said fees cannot be collected from any other source." (Emphasis supplied.)

It is interesting to note that the Laws of 1881, Ch. 108, § 1, now 28-150, *supra*, as above quoted, merely expanded the coverage of an earlier statute (G. S. 1868, Ch. 39, § 19) dealing with the same subject.

G. S. 1959 Supp., 28-122, in force and effect on all dates here in question, provides that jurors shall receive $5.00 per day for their services.

Having referred to pertinent statutes, it can now be stated that, in our opinion, this court almost one hundred years ago laid to rest all contentions advanced in support of appellant's position the trial court erred in assessing jury fees against him as a part of its judgment.

As early as *Board of Commissioners v. Whiting*, 4 Kan. (2nd Ed.) 273, it was held:

"When any person has been convicted of crime, he is liable for all costs made, both in the prosecution and defense of the case." (Syl. ¶ 1.)

And in the opinion, after calling attention to then existing statutes similar in import to those above mentioned, said:

"By taking these provisions together, and the application of just and established rules of construction, we are able to understand that the law-making power in this enactment meant to provide—

"1. That when any person has been convicted of a crime against the laws, such person is liable for all the costs which are properly chargeable under the law; that is to say, he is liable for all costs made by prosecution, and for all costs made in his own behalf." (*p. 280.)

Nearly fifteen years after its decision in the *Whiting* case, and long after the early statutes, to which we have heretofore made reference, were in force and effect, in *The State v. Granville,* 26 Kan. (2nd Ed.) 158, this court held:

"A judgment of conviction in a criminal case in the district court carries costs against the defendant. (*Commissioners v. Whiting,* 4 Kan. 273.) [*Comm'rs v. Hanback,* 4-282; C. L. 1881, ch. 39, § 19; S. L. 1885, ch. 127, sec. 2.]" (Syl. ¶ 1.)

And in the opinion said:

"The only question before us is one of taxation of costs; and first, counsel challenge the right to render any judgment of costs. The argument is, that costs were unknown to the common law, and that there is no statute declaring in terms that, upon conviction in the district court, the judgment shall carry costs against the defendants. Notwithstanding the apparent defect in the statute, this question is not an open one, having been determined in the early history of this court in the case of *County Commissioners v. Whiting,* 4 Kas. 273. It was there decided that, when any person has been convicted of crime, he is liable for all costs, both in the prosecution and the defense of the case. There was then, as now, no statute specifically declaring that such judgment should carry costs; but the implications of the statute were so clear that the court felt warranted in so ruling. That decision, having been made more than a dozen years ago, and having been accepted by the profession and by the legislature ever since as a correct expression of the statute, ought not to be disturbed. If the legislature had thought that such ought not to be the law, it would so have expressed itself in subsequent statutes. The court having once construed the statutes, and the legislature having taken no steps to change them, it is to be taken as though the legislature had unmistakably so expressed its intent; and while there is room for the very plausible argument made by counsel, yet it is also evident from many sections of the statutes then as now in force, that the legislature supposed that such judgments carry costs." (pp. 160, 161.)

Resort to Shepard's Kansas Citations discloses that in this jurisdiction the foregoing decisions have never been criticized, disapproved or overruled and we know of, and are cited to, no Kansas authorities expressing conclusions contrary to those therein announced. Moreover the record makes it appear that the case at bar was tried by a jury of twelve for the period of three days at a time when, under the statute (28-122, *supra*), each juror was entitled to be paid $5 per day. Therefore, based on what is said and held in *Board of Commissioners v. Whiting,* supra, and in *The State v. Granville,* supra, we hold the trial court did not err when, in its original judgment and sentence, it directed that the appellant pay the costs of the action and that such costs should include $180 for jury fees.

Finally it should be stated that appellant has included in his abstract a record disclosing that, some four months after rendition of the trial court's judgment and sentence, he filed a motion to retax the costs and that in its ruling on that motion the court directed that the costs should include mileage of the jury. The appellant has not specified the ruling on such motion as error and we are not required to review it. However, without laboring questions raised with respect thereto, we are inclined to the view, unless the facts which do not appear from the record presented disclose that the jury was called specially for the trial of the instant case, and it only, that mileage fees should not be taxed as a part of the costs.

The judgment is affirmed.