IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,993

STATE OF KANSAS,
*Appellee*,

v.

IVAN HUIZAR ALVAREZ,
*Appellant*.

SYLLABUS BY THE COURT

When a defendant is convicted, K.S.A. 22-3801 and K.S.A. 2017 Supp. 28-172a permit a district court to tax the defendant for expenses that were reasonably related to the prosecution.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 14, 2017. Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed January 18, 2019. Judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Ellen H. Mitchell*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Ivan Alvarez petitions for review of the Court of Appeals decision affirming the district court's order taxing him for certain expenses as "court costs." We affirm the portion of the decision holding that the district court did not err in imposing

1

these expenses as court costs, but we reverse the portion holding that the relevant statutes required that the district court impose these costs.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Alvarez with first-degree murder under K.S.A. 2016 Supp. 21-5402(a)(1). On January 22, 2016, three days before his trial was scheduled to begin, Alvarez pleaded no contest to one count of second-degree murder. Alvarez stated at the plea hearing that he had read the charge against him, which provided that the possible sentence ranged from 147 to 653 months' imprisonment.

In March 2016, the State requested the district court order Alvarez to reimburse the State for expenses related to witnesses and the development of photographs that it had intended to use as trial exhibits. Itemized receipts showed $451.19 in witness expenses and $421.88 for trial exhibits.

The district court held a sentencing hearing on April 8, 2016. The presentence investigation report determined that Alvarez' criminal history score was D. Alvarez did not object to this score. Both parties requested the standard-range sentence of 253 months' imprisonment, and the district court followed that recommendation. The district court then ordered Alvarez to pay all of the fees and expenses requested by the State. Alvarez did not object to paying the witness fees. But, with respect to the trial exhibit expenses, defense counsel stated the following:

> "I would just ask the Court to consider whether or not the Court should be imposing basically office supply expenses for the State such as photo finishing. I understand witness mileage and witness expenses and we would not object to those as being obviously incurred, but we would ask the court to—just to seriously consider whether or not to consider basically office supplies such as photo finishing in this matter. That seems

2

like that's just a cost of doing business just like I don't charge for copies or notebooks or pens that I may use in trial."

The district court replied "[t]he Court finds that the statute provides that reimbursement for trial preparation fees such as those provided are appropriate and would find all those reasonable and properly documented and the $873.07 is allowed."

Alvarez appealed. He argued that the district court had no authority to tax him for the trial exhibit expenses. He also argued that the use of his criminal history score to enhance his sentence violated the Sixth and Fourteenth Amendments to the United States Constitution. The Court of Appeals held that the court had authority to tax Alvarez for the trial exhibit expenses under K.S.A. 22-3801 and K.S.A. 2017 Supp. 28-172a. With regard to his constitutional argument, the panel concluded that Alvarez had not preserved the issue in the district court, had failed to explain why the Court of Appeals should consider it for the first time on appeal, and had waived the argument by improperly briefing it. The panel also noted that this court has already decided the issue adversely to Alvarez. *State v. Alvarez*, No. 115,993, 2017 WL 1367057 (2017) (unpublished opinion).

Alvarez petitioned for this court's review. He argued that the Court of Appeals erred when it concluded that the district court had the authority to tax him for trial preparation expenses and when it declined to consider his constitutional claim. We granted review of both issues.

ANALYSIS

*Court Costs*

Alvarez argues that the district court lacked any authority to tax him for expenses related to the prosecution's production of trial exhibits.

3

This issue requires the interpretation of statutes. We review issues of statutory interpretation de novo. *State v. Brosseit*, 308 Kan. 743, 748, 423 P.3d 1036 (2018).

Under K.S.A. 22-3801(a), "[i]f the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases."

K.S.A. 2017 Supp. 28-172a provides that

"(a) . . . whenever the . . . defendant is adjudged to pay the costs in a criminal proceeding in any county, a docket fee shall be taxed . . . .

"(d) . . . All other fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute. Additional fees shall include, but are not limited to, fees for Kansas bureau of investigation forensic or laboratory analyses, fees for detention facility processing pursuant to K.S.A. 12-16,119, and amendments thereto, fees for the sexual assault evidence collection kit, fees for conducting an examination of a sexual assault victim, fees for service of process outside the state, witness fees, fees for transcripts and depositions, costs from other courts, doctors' fees and examination and evaluation fees." K.S.A. 2017 Supp. 28-172a(d).

The Court of Appeals panel concluded that "[t]he expenses for photographic trial exhibits reasonably fit within the '[a]ll other . . . expenses . . . shall be approved' parameters of K.S.A. 2016 Supp. 28-172a(d) and can be classified as court costs for the purpose of 'taxing' them to a convicted defendant." 2017 WL 1367057, at *2. Furthermore, the panel held, "[u]nder these statutes, not only did the district court have the authority to assess the photographs as court costs to be reimbursed to the prosecution, it was mandated that it do so." 2017 WL 1367057, at *3. Accordingly, the panel affirmed the district court's decision taxing Alvarez for the exhibit expenses. 2017 WL 1367057, at *3.

4

We agree that the district court did not err when it found that the expenses the State incurred in preparing these exhibits were properly taxable as court costs under K.S.A. 22-3801.

The State asserts that "court costs" include any expenses related to the prosecution of the defendant. The State's position is in line with Kansas caselaw dating back to 1868.

In *Co. Com'rs v. Whiting*, 4 Kan. 273, 275 (1868), this court considered sections 311 and 318 of the code of criminal procedure. Those provisions provided that "'[t]he costs shall be paid by the county in which the offense is committed, [in cases] in which the defendant shall be convicted, and shall be unable to pay them'" and that "[w]henever any person shall be convicted of any crime or misdemeanor, *no costs* incurred on his part, except fees for board, shall be paid by the territory or county." 4 Kan. at 274. This court interpreted those provisions to mean that "'when any person has been convicted of a crime against the laws, such person is liable for all the costs which are properly chargeable under the law; that is to say, he is liable for all costs made by the prosecution, and for all costs made in his own behalf.'" 4 Kan. at 280.

In 1965, this court affirmed the language in *Whiting*, holding that "[i]t is well settled in this state that upon conviction in a criminal action the defendant is liable for the costs made in both the prosecution and defense of the case." *State v. Shannon*, 194 Kan. 258, 263, 398 P.2d 344, *cert. denied* 382 U.S. 881 (1965). Kansas district courts and the Court of Appeals regularly rely on this well-settled understanding of the law. See, e.g., *State v. Lopez*, 36 Kan. App. 2d 723, 728, 143 P.3d 695 (2006) (holding it was "beyond the district court's discretion to award costs and expenses that were unrelated to prosecuting the crimes of conviction"); *State v. Rother*, 23 Kan. App. 2d 443, 443, 931 P.2d 1268, *rev. denied* 261 Kan. 1088 (1997) (affirming district court's imposition of expert witness fees as court costs).

5

We do not depart from this caselaw today. We do, however, note that the expenses must bear a reasonable relation to the prosecution to be taxable as court costs. The State conceded this point at oral argument, and we agree, as have other courts that have addressed this issue. See *People v. Wallace*, 245 Mich. 310, 314, 222 N.W. 698 (1929) (costs imposed must bear some reasonable relation to the expenses actually incurred in the prosecution); see also *Leyritz v. State*, 93 So. 3d 1156, 1157 (Fla. Dist. Ct. App. 2012) (a "trial court must determine that the costs sought by the state were reasonably and necessarily related to the prosecution of the crime for which appellant was convicted"); *People v. Davis*, 247 Mich. 672, 673, 226 N.W. 671 (1929) (citing *Wallace*, 245 Mich. 310, for the notion that "costs imposed in a criminal case must bear a true relation to the expense of the prosecution"); *State v. Moon*, 124 Wash. App. 190, 195, 100 P.3d 357 (2004) (reversing the imposition of costs for a DNA lab fee when the defendant was acquitted of a rape charge but convicted of burglary because there was no "substantive connection" between the fee and the conviction).

Here, the State incurred expenses in generating photographs it would use at trial. At oral argument, the State indicated that it used these photographs at Alvarez' preliminary hearing. Because of that, these expenses were reasonably related to the prosecution of Alvarez and are therefore an appropriate tax against him under K.S.A. 22-3801.

Although we agree with the Court of Appeals panel's conclusion that these expenses were properly taxable as court costs, we make one clarification to its expression of the law. The panel concluded that the district court was mandated to assess these expenses against the defendant. *Alvarez*, 2017 WL 1367057, at *3. We disagree.

The panel presumably based its conclusion on the use of the word "shall" in K.S.A. 22-3801(a). This statute and K.S.A. 2017 Supp. 28-172a use the word "shall" a

6

number of times:  "If the defendant in a criminal case is convicted, the court costs *shall* be taxed against the defendant and *shall* be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases." (Emphasis added.) K.S.A. 22-3801(a). And, "a docket fee *shall* be taxed" and "[a]ll other fees and expenses to be assessed as additional court costs *shall* be approved by the court, unless specifically fixed by statute." (Emphasis added.) K.S.A. 2017 Supp. 28-172a(a), (d).

We have explained that "shall" is mandatory in some contexts and directory in others. "Its meaning is not plain, and construction is required." *State v. Raschke*, 289 Kan. 911, 915, 219 P.3d 481 (2009).

The language in K.S.A. 2017 Supp. 28-172a indicates that docket fees and other costs that are specifically fixed by statute must be taxed against the defendant, but that other fees to be assessed as court costs need to be approved by the district court before they are taxed. This does not mean that the district court must tax a defendant for trial preparation expenses, as the Court of Appeals concluded, but that those expenses must first bear a reasonable relation to the prosecution and then be approved by the district court before they are taxed as court costs.

K.S.A. 22-3801 does state that "court costs shall be taxed against the defendant," which suggests that perhaps the taxing of court costs *is* mandatory. However, since K.S.A. 2017 Supp. 28-172a indicates that this is not the case, it becomes apparent that the "shall" in K.S.A. 22-3801 is directory. See *Raschke*, 289 Kan. at 915-16 (noting that "shall" in one statute was treated as directory "because of the discretionary effect of other provisions").

Accordingly, we conclude that the statutes here authorized the district court to tax the defendant for the disputed expenses but did not mandate the imposition of the expenses.

7

*Preservation and Abandonment of Constitutional Claim*

Alvarez argued in the Court of Appeals that the district court violated his Sixth and Fourteenth Amendment rights by using his criminal history to increase his presumptive prison sentence. He conceded that this court has routinely decided this case against him, beginning with *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002), and offered the argument only to preserve it for federal review. The panel concluded that Alvarez' claim was unpreserved and abandoned. It also reached the merits of the issue, holding that "[t]he use of criminal history to calculate the presumptive KSGA sentence does not violate due process." 2017 WL 1367057, at *4 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 [2000]; *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 [2016]; *Ivory*, 273 Kan. at 47-48).

Alvarez does not disagree with the panel's decision on the merits of his claim—he agrees that this court has decided this issue against him. He challenges the panel's decision that the issue was unpreserved and abandoned.

This issue involves questions of preservation and abandonment, which are subject to unlimited review. See *State v. Swint*, 302 Kan. 326, 335-36, 346-47, 352 P.3d 1014 (2015) (performing unlimited review of Court of Appeals' conclusions regarding preservation and abandonment).

Generally, parties may not raise constitutional issues for the first time on appeal unless they successfully argue that one of three recognized exceptions applies:  the claim involves only a question of law arising on proved or admitted facts and is determinative of the case; consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights; or the district court is right for the wrong reason. *State v. Godfrey,* 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). "To preserve an issue for appellate

review . . . it must be accompanied by argument and supported by pertinent authority or an explanation why the argument is sound despite the lack of authority or existence of contrary authority." *Swint*, 302 Kan. at 346.

Alvarez recognizes that he did not raise this issue in the district court. In his appellate brief, he argued that the Court of Appeals could consider the issue for the first time on review because a court may correct an illegal sentence at any time. Because Alvarez conceded that this issue has been decided adversely to his position and he was not presenting any argument that this court had not yet considered, he provided minimal briefing.

We conclude that in this case, where the presentation of a settled issue was necessary for preserving federal review of that issue, Alvarez' preservation statement and briefing were sufficient to preserve the issue for review. We reverse the panel's conclusion that the issue was unpreserved and abandoned and affirm the panel's decision on the merits.

The Court of Appeals is affirmed in part and reversed in part. The district court is affirmed.