NOT DESIGNATED FOR PUBLICATION

No. 122,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL EDWARD FOLTZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed October 9, 2020.
Affirmed.

*Andy Vinduska*, of Manhattan, for appellant.

*John A. Griffin*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.


PER CURIAM:  On appeal, Paul Foltz argues that insufficient evidence supports his conviction for two reasons. First, he contends that insufficient evidence supports his DUI conviction because the police officer lacked "reasonable suspicion to investigate whether [he] was [DUI] . . . ." Second, he contends that insufficient evidence supports his DUI conviction because the police violated certain procedures when testing his breath alcohol content. We disagree and affirm.

1

*Background*

On July 23, 2019, a police officer contacted Foltz as a suspect in a trespass investigation. The police officer had flagged Foltz down as he was driving his truck away from the property upon which he had allegedly trespassed. After stopping Foltz, the police officer smelled an odor of alcohol coming from Foltz, and he noticed that he seemed uncoordinated. Upon further questioning, Foltz admitted that he had recently consumed a beer. Given these indicators of intoxication, the police officer asked Foltz to complete field sobriety testing. The police officer arrested Foltz for DUI after Foltz refused to attempt the walk-and-turn and one-leg-stand field sobriety tests, misstated the alphabet, and struggled counting backwards. Ultimately, Foltz submitted to breath alcohol testing which showed that he had a breath alcohol content of 0.087.

As a result, the State charged Foltz with DUI in violation of K.S.A. 2019 Supp. 8-1567(a)(2). K.S.A. 2019 Supp. 8-1567(a)(2) criminalizes operating or attempting to operate any vehicle while having a breath alcohol content of 0.08 or more, as measured within three hours of operating or attempting to operate the vehicle.

Eventually, Foltz' case proceeded to jury trial where the jury convicted Foltz as charged. The trial court sentenced Foltz to 5 days in jail followed by 12 months on parole, with an underlying sentence of 6 months in jail.

Foltz timely appealed his DUI conviction to this court.

*Analysis*

The State notes that Foltz' arguments do not actually involve sufficiency of the evidence. Instead, the State contends that his arguments involve suppression issues that Foltz failed to raise before the trial court and, thus, cannot be raised for the first time on

2

appeal. We agree. Alternatively, the State argues that sufficient evidence supports Foltz' DUI conviction. We also agree.

Issues involving questions of preservation and abandonment are questions of law over which this court exercises unlimited review. *State v. Alvarez*, 309 Kan. 203, 209, 432 P.3d 1015 (2019). It is a well-known rule that absent certain exceptions, arguments not raised before the trial court cannot be raised for the first time on appeal. See *State v. Cheffen*, 297 Kan. 689, 698, 303 P.3d 1261 (2013). Also, Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) mandates that appellants raising arguments for the first time on appeal explain in their briefs why they did not make their newly raised arguments before the trial court. Our Supreme Court has determined that appellants who violate Rule 6.02(a)(5) have not adequately briefed their newly raised arguments; this, in turn, means that such appellants abandon their ability to make their newly raised arguments for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Here, despite Foltz framing his appellate arguments as issues involving sufficiency of the evidence, Foltz' arguments actually involve suppression issues. Yet, nothing in the appellate record indicates that Foltz moved to suppress evidence based on the police officer lacking reasonable suspicion to investigate him for DUI or for police violations of breath alcohol testing procedures. Also, because Foltz has wrongly framed his newly asserted suppression arguments as sufficiency of evidence arguments, Foltz never acknowledges that he is raising his suppression arguments for the first time on appeal. As a result, Foltz has not cited any exception to the general rule barring this court from considering appellate arguments raised for the first time on appeal. Nor has Foltz complied with Rule 6.02(a)(5)'s requirement that appellants explain why they have failed to raise their newly asserted arguments before the trial court.

Given the preceding, we refuse to consider Foltz' suppression arguments for the first time on appeal. We also hold that by violating Rule 6.02(a)(5), Foltz has abandoned

his ability to make his newly asserted suppression arguments for the first time on appeal. See *Godfrey*, 301 Kan. at 1044.

Also, to the extent Foltz' appeal actually concerns the sufficiency of the evidence against him, we conclude that sufficient evidence supported Foltz' DUI conviction. In arriving at this conclusion, we follow this standard:

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Here, the State charged Foltz with DUI in violation of K.S.A. 2019 Supp. 8-1567(a)(2), which prohibits operating a vehicle with a breath alcohol content of 0.08 or more. At his trial, the State introduced into evidence a certificate indicating that Foltz had a breath alcohol content of 0.087. Foltz did not object to the admission of this certificate. Simply put, when considered in the light most favorable to the State, a rational fact-finder could have found Foltz guilty of DUI under K.S.A. 2019 Supp. 8-1567(a)(2) because the trial evidence indicated that his breath alcohol content exceeded 0.08.

Affirmed.