NOT DESIGNATED FOR PUBLICATION

No. 122,347

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SHAUNTUS LEE GRIFFITH,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sumner District Court; SCOTT E. MCPHERSON, magistrate judge. Opinion filed November 20, 2020. Reversed and remanded.

*Mitch Spencer*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*David Phillip Leon*, of Wichita, for appellee.


Before POWELL, P.J., GREEN and STANDRIDGE, JJ.


PER CURIAM: The State appeals the district court's dismissal of its complaint against Shauntus Lee Griffith. Because the district court erred in applying the statute of limitations, we reverse and remand.


On September 28, 2016, a Kansas Highway Patrol officer wrote Griffith a ticket for driving while her license was suspended, in violation of K.S.A. 2016 Supp. 8-262, speeding, in violation of K.S.A. 2016 Supp. 8-1558, and not wearing a seatbelt, in violation of K.S.A. 2016 Supp. 8-2503.

1

On October 28, 2016, Griffith failed to appear in court. The court issued a 30-day letter but did not issue a bench warrant. Instead, the court asked the State for a probable cause affidavit, with bench warrant to issue after the State produced the affidavit.

On July 15, 2019, the State filed a probable cause affidavit in response to the district court's request. The court issued an arrest warrant two days later. Griffith was arrested two days after the court issued the warrant.

Griffith moved to dismiss the complaint, citing *State v. Washington*, 12 Kan. App. 2d 634, 752 P.2d 1084 (1988). Griffith contended that the State waited from October 2016 to July 2019 before supplying the court with the requested probable cause affidavit. Griffith argued that the State's two-year delay was unreasonable, citing *Washington*'s unreasonable delay standard. The district court granted Griffith's motion to dismiss.

The State timely appeals.

*Did the District Court Err in Dismissing the Complaint Against Griffith?*

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

Griffith argued to the district court that the State waived its ability to prosecute Griffith's violations because the State unreasonably delayed executing the warrant. Time limits for prosecutions are governed by K.S.A. 2019 Supp. 21-5107, which states the following:

> "(d) Except as provided by subsection (e), a prosecution for any crime, as defined in K.S.A. 2019 Supp. 21-5102, and amendments thereto, not governed by subsection (a), (b) or (c) shall be commenced within five years after it is committed.

. . . .

"(g) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."

Here, the alleged offense was committed in September 2016. Thus, the statute of limitations would expire in September 2021. See K.S.A. 2019 Supp. 21-5107(d). The State filed its complaint in October 2016. The warrant issued in July 2019. Therefore, prosecution commenced in July 2019, within the statute of limitations.

Griffith argues unreasonable delay under *Washington*, which is a misreading of the second sentence of K.S.A. 2019 Supp. 21-5107(g). Curtis Washington fraudulently endorsed a check in November 1983. The State filed its complaint and the court issued a warrant in March 1984, five months later and within the two-year statute of limitations. But law enforcement did not execute the warrant for 28 months, triggering the exception that "[n]o such prosecution shall be deemed to have been commenced *if the warrant so issued is not executed without unreasonable delay*." (Emphasis added.) In short, the State acted timely and the warrant was issued within the statute of limitations. But law enforcement was dilatory and arrested Washington outside the statute of limitations. This court ruled that the delay was unreasonable and dismissed the complaint. 12 Kan. App. 2d at 637.

The only fact in *Washington* that resembles the facts here is that the State began prosecution within the statute of limitations. But in *Washington*, the State's diligence was undone by law enforcement's unreasonable delay. Here, the State also began prosecution within the statute of limitations. But unlike in *Washington*, law enforcement here executed the warrant two days after it was issued and well within the statute of limitations. The exception to a timely begun prosecution was never triggered because the warrant was executed immediately. Griffith's argument relying on *Washington* is wholly

3

inapplicable because prosecution did not extend beyond the statute of limitations. Therefore, the district court erred in dismissing the complaint.

For the preceding reasons, we reverse and remand.

Reversed and remanded.