NOT DESIGNATED FOR PUBLICATION

No. 123,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAY ANTHONY MILES,
*Appellant*,

v.

SHAWNEE COUNTY, BRIAN COLE, ANGELA MCHARDIE, CPT. PARKER, CPT. RUCKER,
SGT. POTTER, and C.O. HANSON,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed March 5, 2021. Affirmed.

*Ray Anthony Miles*, appellant pro se.

*Ashley R. Biegert*, assistant county counselor, for appellees.

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: Ray Anthony Miles filed a pro se civil petition against Shawnee County and several employees of the Shawnee County Department of Corrections alleging a violation of his constitutional rights. Miles asked the district court for "relief," but he was unclear as to what relief was sought. On appeal, Miles alleges that a default judgment should have been entered in his favor and that the district court erred in dismissing this case. Finding no reversable error, we affirm the district court's dismissal of this action.

1

On September 12, 2019, Miles filed a pro se petition for relief in the Shawnee County District Court against Shawnee County and multiple employees of the Shawnee County Department of Corrections. At all times relevant to this appeal, Miles was an inmate at the Shawnee County Jail. In his petition, Miles alleged that various employees of the Department of Corrections used excessive force against him. He further alleged that the actions of these employees constituted cruel and unusual punishment. The petition and summons were served on each defendant by certified mail on September 30, 2019.

On October 17, 2019, the defendants sought a 14-day extension of time to respond to Miles' petition. The requested extension was granted on the same day by the Clerk of the Shawnee County District Court under Kansas Supreme Court Rule 113 (2020 Kan. S. Ct. R. 184). In granting the extension of time, the district court clerk ordered the defendants to respond to Miles' petition by November 4, 2019. Prior to the expiration of the new deadline for filing responsive pleadings, Miles filed a motion seeking default judgment.

On November 4, 2019, the defendants filed a joint motion to dismiss this action pursuant to K.S.A. 60-212(b)(6). Miles did not respond to the motion to dismiss. Instead, he filed another motion seeking a default judgment against the defendants.

The district court entered a memorandum decision and order on January 24, 2019. In its order, the district court dismissed Miles' petition on the ground that he had failed to exhaust administrative remedies before filing the lawsuit as required by K.S.A. 75-52,138. In addition, the district court denied Miles' pending motions seeking default judgment and other relief. Thereafter, Miles filed a timely notice of appeal.

ANALYSIS

On appeal, Miles—who is acting pro se—presents two issues. First, whether the district court committed judicial misconduct. Second, whether the defendants responded to the petition in a timely manner. No other issues are presented. In particular, we note that Miles does not challenge the ground on which the district court dismissed his petition.

*Allegation of Judicial Misconduct*

In his brief, Miles argues that the district court failed to comply with court rules and procedures. On appeal, our review over judicial misconduct claims is unlimited. Moreover, we review such claims in light of the particular facts and circumstances surrounding the allegation. *State v. Boothby*, 310 Kan. 619, 624-25, 448 P.3d 416 (2019). In reviewing the record on appeal, we find nothing to support Miles' allegation of judicial misconduct.

Attempting to give Miles the benefit of the doubt, it appears that his judicial misconduct claim is based on the district court's failure to grant a default judgment in his favor. However, as we will discuss in more detail below, the district court did not err in failing to grant Miles a default judgment because the defendants obtained an extension to file an answer or other responsive pleading. In turn, the defendants timely filed a motion to dismiss in reliance on that extension.

Miles also suggests that the district court judge was obligated to hear his motions within 30 days after they were filed. Although he cites us to "District Court Rule 166 (A)" in his brief, we assume he is referring to Kansas Supreme Court Rule 166(a) (2020 Kan. S. Ct. R. 215). This rule provides that "[a] judge of the district court must issue a ruling on a civil motion no later than 30 days after the motion's final submission . . . ."

We note that Rule 166(a) does not require a district court to hold a hearing on all pending motions. Moreover, the time for ruling does not begin to run until a motion is deemed to be finally submitted. Here, a review of the record reveals that Miles failed to respond to the motion to dismiss filed by the defendants. Once the response time had expired, the district court deemed all of the motions to be submitted for decision. Under these circumstances, we find that the district court ruled on the pending motions in a reasonable time period. Thus, we find no judicial misconduct.

*Request for Default Judgment*

Miles also contends that the district court should have granted a default judgment in his favor based on his belief that the defendants failed to file a timely response to his petition. In response, the defendants contend that they filed a responsive pleading—in the form of a motion to dismiss pursuant to K.S.A. 2019 Supp. 60-212(b)(6)—in a timely manner. To the extent this issue involves statutory interpretation, our review is unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). When a statute is plain and unambiguous, we are not to speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

In his brief, Miles argues that the defendants were served on September 24, 2019. However, a review of the record reveals that the summonses were issued to the Shawnee

4

County Sheriff on September 24, 2019, but were not served on the defendants until September 30, 2019. Under K.S.A. 2019 Supp. 60-212(a)(1)(A)(i), the defendants were required to serve an answer or other responsive pleading within 21 days of being served with process. In other words, the defendants had until October 21, 2019, to file an answer or other responsive pleading.

On October 17, 2019—which was well within the 21-day deadline for filing an answer or other responsive pleading following service—the defendants timely sought a clerk's extension of time to respond under Kansas Supreme Court Rule 113 (2020 Kan. S. Ct. R. 184). This rule provides that "[t]he clerk may extend for a period of no more than 14 days the initial time to plead to a petition in a civil action . . . ."

Acting within her authority, the Clerk of the Shawnee County District Court granted the defendants an extension of time until November 4, 2019. In turn, the record reflects that the defendants filed their motion to dismiss on November 4, 2019. Consequently, the defendants filed a responsive pleading in a timely manner, and Miles was not entitled to a default judgment.

After Miles failed to respond to the motion to dismiss filed by the defendants, the district court deemed the pending motions to be finally submitted and issued its decision. As discussed above, the district court dismissed Miles' petition for failure to exhaust administrative remedies before filing his petition, and Miles does not challenge this finding by the district court on appeal. Issues not raised or adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Finally, we note that in his brief, Miles refers to his petition as being filed pursuant to K.S.A. 60-1501. Based on our review of the record, we do not find that Miles labeled his petition as one being filed under K.S.A. 60-1501 but simply as a petition seeking

5

relief against the defendants. Miles does not make any claim on appeal that we should consider the merits of his petition as a K.S.A. 60-1501 petition. Instead, he alleges judicial misconduct and claims that the district court should have granted a default judgment in his favor. A default judgment is not a remedy a petitioner would seek in a K.S.A. 60-1501 petition. Further, Miles did not respond to the defendants' motion to dismiss the action under K.S.A. 2019 Supp. 60-212(b)(6).

As such, we find that the district court appropriately ruled on the motion to dismiss under the authority set forth in K.S.A. 2019 Supp. 60-212(b)(6). Notwithstanding, we find that the result would be the same even if Miles had filed his petition under K.S.A. 60-1501, as Miles does not ask us to consider the merits as set forth in his petition. As noted, issues not raised on appeal are deemed waived.

Affirmed.