NOT DESIGNATED FOR PUBLICATION

No. 123,278

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY LEE TODD JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed December 23, 2021. Reversed and remanded.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Hunter Johnson*, legal intern, *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON, J., and RICHARD B. WALKER, S.J.


PER CURIAM: Ricky Lee Todd Jr. was arrested and sentenced to 12 months' probation, with an underlying sentence of 40 months' incarceration. After Todd admitted to various probation violations, the district court revoked his probation and imposed his underlying prison sentence. Todd appealed, and a panel of this court remanded because the district court had applied the incorrect intermediate sentencing scheme. On remand, the district court again revoked Todd's probation, finding that issuing a graduated sanction would jeopardize public safety and Todd's welfare. Todd has filed this second appeal, arguing this time that the district court abused its discretion by failing to comply

1

with the appellate mandate on remand and by failing to make sufficiently particularized findings to revoke his probation. After reviewing the record, we find that the district court complied with the mandate but failed to make sufficiently particularized findings to justify bypassing intermediate sanctions. Because of this omission, we reverse the district court's revocation of Todd's probation and remand the case for a new probation violation hearing.

FACTS

Todd pled guilty to possession of methamphetamine and possession of marijuana; both charges arose from a traffic stop in Sedgwick County on May 13, 2017. The district court sentenced Todd to 40 months' incarceration but granted him a dispositional departure and placed him on 12 months' probation.

In May 2019, the State filed a motion to revoke Todd's probation, alleging that he had admitted to using methamphetamine, failed to keep full-time employment, and committed a new crime. The State filed an amended motion shortly thereafter, asserting Todd had (1) submitted a urine sample that was positive for methamphetamine and admitted to using methamphetamine on April 16, 2019, (2) admitted to using methamphetamine on May 1, 2019, (3) committed a new crime, and (4) failed to report to serve his 72-hour jail sanction. At Todd's probation violation hearing, he stipulated to counts 1, 2, and 4; the State dropped allegations of a new crime in count 3. Todd noted that, regarding count 4, he reported to the jail to serve his sanction, but they could not process him because he had lost the necessary paperwork.

The State requested probation revocation, considering that Todd's probation resulted from a dispositional departure and that he was "just not amenable to probation" at that time. Todd requested a jail sanction instead of prison time. The district court rejected Todd's request and revoked his probation. In the journal entry for the probation

violation hearing, the district court noted that the revocation was because Todd's original sentence resulted from a dispositional departure.

Todd appealed his probation revocation. A panel of our court reversed the district court's probation revocation pursuant to Kansas Supreme Court Rule 7.041 (2021 Kan. S. Ct. R. 48), and *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020), finding that the district court had applied the incorrect version of the intermediate sentencing scheme. The correct version of the probation violation statute, applicable to Todd because of the date his crime was committed, prevented the district court from bypassing intermediate sanctions solely based upon the fact of a dispositional departure. The panel remanded the case to the district court, instructing it "to resentence [Todd] under the applicable intermediate sentencing scheme."

The district court held a remand hearing on September 18, 2020. The district court noted that the case was remanded "with the directions to resentence the appella[nt] under the applicable intermediate sentencing scheme." The State agreed that the initial revocation based on Todd's dispositional departure applied the incorrect version of Kansas' intermediate sentencing scheme, but argued under the correct version the district court should still send Todd back to prison. Todd argued his time spent in prison should be treated as a sanction, and he should be restored to probation.

The district court noted that it could place Todd back on probation, or it could revoke probation and order Todd to serve the remainder of his sentence based upon the intermediate sentencing scheme standards that were in place prior to July 1, 2017. The district court reinstated Todd's probation revocation, finding that Todd's performance while on probation, his criminal history, the fact that he was granted a departure at the time of sentencing, and his admitted probation violations made him a public safety risk and his welfare would not be served by probation.

3

Todd has timely appealed the district court's decision to revoke probation on remand.

ANALYSIS

The standard of review when the issue is the appropriateness of the district court's penalty imposed for a probation violation is abuse of discretion. *Coleman*, 311 Kan. at 334. A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). To the extent this appeal involves interpretation of an appellate mandate or statute, both issues raise questions of law over which we have unlimited review. *Coleman*, 311 Kan. 334-35; *Gannon v. State*, 303 Kan. 682, 702, 368 P.3d 1024 (2016).

On appeal, Todd argues that the district court abused its discretion by (1) violating the mandate rule on remand and (2) failing to make particularized findings as statutorily required to revoke Todd's probation. The State contends that the district court properly complied with the mandate rule and made sufficient particularized findings to bypass the intermediate sentencing scheme and revoke probation.

While the State does not challenge Todd's preservation of his arguments on appeal, Todd asserts he properly preserved his arguments below and if not, exceptions apply which allow us to reach the merits of both arguments. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But several exceptions to this general rule exist, including (1) if the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) if consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, or (3) if the district

4

court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

The record makes clear that Todd expressed his belief to the district court that it was violating its mandate on remand by revoking his probation rather than issuing him an intermediate sanction. But there is no evidence of Todd raising his insufficient particularization argument before the district court. Todd contends that, even if we find neither his mandate argument nor his insufficient particularization argument were properly raised below, both arguments only involve questions of law and are necessary to serve the ends of justice in his case. As interpretation of and compliance with a mandate or a statutory scheme are both questions of law over which we have unlimited review, Todd correctly asserts his arguments fall under the question of law exception to preservation. See *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019); *Gannon*, 303 Kan. at 702. Additionally, as the district court's action below resulted in Todd going to prison, consideration of Todd's arguments on appeal may be necessary to serve the ends of justice—he would have no other chance to determine whether the district court erred in revoking his probation. Under these facts, we deem it appropriate for us to reach the merits of Todd's mandate argument and insufficient particularization argument.

*The Mandate Rule*

As we have noted above, a panel of our court remanded this case to the district court with a mandate to resentence Todd under the applicable intermediate sentencing scheme. Todd argues this mandate required the district court to issue him an intermediate sanction, and that the district court's decision to invoke an exception to the intermediate sentencing scheme "exceeded the scope of the mandate." The State contends that Todd is mischaracterizing the mandate and that the district court complied with the mandate rule in revoking Todd's probation on remand.

5

Both interpretation of an appellate court mandate and the determination of whether the district court complied with the mandate on remand are questions of law subject to de novo review. The district court is bound to follow an appellate court mandate and has no authority to consider matters outside the mandate. We can determine whether the district court complied with an appellate mandate by looking at the language of the mandate and the attendant circumstances. *Gannon*, 303 Kan. at 702-03.

The exact language of the appellate mandate from Todd's initial appeal was: "[O]n May 27, 2020, on consideration of the appeal, it was ordered and adjudged by the Court of Appeals that the case is remanded to the district court with directions to resentence appellant under the *applicable* intermediate sentencing scheme." (Emphasis added.) In the order accompanying the mandate, our court cited *Coleman*, 311 Kan. 332, in reference to its decision to remand. *Coleman* holds that the 2017 version of the Kansas intermediate sentencing scheme—K.S.A. 22-3716—applies only to probationers whose crimes of conviction occurred on or after July 1, 2017, when the 2017 version of the scheme became effective. 311 Kan. at 337. This is important because the 2017 version of K.S.A. 22-3716 added an exception to the intermediate sentencing scheme that allowed district courts to revoke probation without first imposing graduated sanctions if the probation was granted because of a dispositional departure. But the previous 2016 version of K.S.A. 22-3716 did not include this exception.

Considering the language of the appellate mandate and the attendant circumstances of Todd's initial probation revocation, it appears clear to us the appellate mandate was simply instructing the district court to apply the 2016 version of the intermediate sentencing scheme to Todd's probation violation hearing rather than the 2017 version. Todd's crime of conviction occurred on May 13, 2017—48 days before the 2017 version of the statute came into effect. In accord with *Coleman*, that means K.S.A. 2016 Supp. 22-3716 was the law in effect at the time of Todd's crime of conviction. The district court's initial probation revocation was based solely on the fact that Todd had

6

received probation due to a dispositional departure—yet this dispositional departure exception allowing the district court to revoke probation before ordering graduated sanctions did not exist in the applicable 2016 version of the intermediate sentencing scheme.

While the appellate mandate must be interpreted as instructing the district court to apply the 2016 version of K.S.A. 22-3716 on remand, it cannot be interpreted as requiring the district court to issue Todd a graduated sanction rather than probation revocation, as Todd argues on appeal. The mandate simply stated the district court should resentence Todd under the applicable intermediate sentencing scheme. As noted above, the applicable intermediate sentencing scheme was K.S.A. 2016 Supp. 22-3716. This version of the sentencing scheme still had exceptions allowing the court to revoke probation before first ordering graduated sanctions, including when the district court finds that a graduated sanction would jeopardize public safety or would not serve the offender's welfare. See K.S.A. 2016 Supp. 22-3716(c)(9). Thus, the district court did not exceed the scope of the appellate mandate, as it could apply the appropriate intermediate sentencing scheme to Todd's case and still revoke his probation rather than order a graduated sanction. The key question therefore becomes whether the district court made sufficient findings to apply the public safety and offender welfare exception of K.S.A. 2016 Supp. 22-3716(c)(9) to revoke Todd's probation on remand.

*K.S.A. 2016 Supp. 22-3716(c)(9) and Particularization*

Todd alleges that even if the district court's decision on remand complied with the mandate, the district court's findings were still insufficient to meet the particularity requirement of K.S.A. 2016 Supp. 22-3716(c)(9) and should be reversed. The State contends that the district court made sufficient findings to justify revocation.

K.S.A. 2016 Supp. 22-3716(c)(9) provides that the district court may revoke probation without previously imposing a graduated sanction if the court "'finds and sets forth *with particularity* the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction.'" (Emphasis added.) *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015). To satisfy this particularity requirement, the district court's findings "'must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" 52 Kan. App. 2d at 48. Our court has previously held that this requires the district court to "explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions." 52 Kan. App. 2d at 49.

A district court's findings that public safety will be jeopardized or that offender welfare will not be served by imposing an intermediate sanction is not particular enough to bypass intermediate sanctions if an appellate court must infer from the district court's findings the particularized reasons *why* public safety would be jeopardized or the offender's welfare would not be served. "Broad generalizations that equally could apply to all similar cases are not sufficiently particularized" to meet the requirements of K.S.A. 2016 Supp. 22-3716(c)(9). *State v. Duran*, 56 Kan. App. 2d 1268, 1276, 445 P.3d 761 (2019), *rev. denied* 312 Kan. 895 (2020).

In *McFeeters*, a panel of our court found that the district court's findings were insufficiently particular to satisfy the public safety and offender welfare exception to the intermediate sentencing scheme. It found that the district court "simply repeat[ed] the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion to revoke the privilege of probation." 52 Kan. App. 2d at 49. The panel held that conclusory remarks about a probationer's unwillingness or inability to satisfy probation requirements insufficiently explains *how* public safety would be jeopardized or offender welfare would not be served; such

remarks require the appellate court to improperly infer the necessary findings. 52 Kan. App. 2d at 49.

The extent of the particularized findings the district court made in Todd's case are as follows:

"Based upon [Todd's] performance while on probation, the fact that [Todd was] granted a departure at the time of sentencing, [Todd's] criminal history, and the offenses or the allegation for which [Todd] admitted to and were revoked. All of that taken as a whole, the Court makes a finding . . . that [Todd is] a public safety risk to the community, and it's in the best welfare of the offender, at this point in time, to impose the original sentence in this case."

Just as in *McFeeters*, the district court's language requires this court to infer how these findings show that an intermediate sanction would jeopardize public safety or Todd's welfare. The district court does not explain *explicitly* how Todd's performance while on probation or his admitted probation violations suggest that granting a sanction rather than revocation would create a public safety issue or threaten Todd's welfare. In fact, Todd voluntarily admitted to his drug use and tried to serve his jail sanction for that use, but was turned away for failing to bring the necessary paperwork. The district court does not explain how, given these facts, revocation was in the best interest of public safety or Todd's welfare. Additionally, the district court made no particular or detailed findings explaining how or why Todd's criminal history or the fact that he was granted a dispositional departure suggests that an intermediate sanction would create public safety concerns or threaten Todd's welfare. The district court's findings, overall, amount to mere broad generalizations that could equally apply to all similar cases.

Since we would have to infer the particular reasons why the district court determined that public safety would be jeopardized or Todd's welfare would not be served by an intermediate sanction, the district court's findings were insufficiently

particular to invoke the bypass exception of K.S.A. 2016 Supp. 22-3716(c)(9). Therefore, we must conclude that the district court abused its discretion when it revoked Todd's probation by failing to meet the particularity requirement of K.S.A. 2016 Supp. 22-3716(c)(9). In consequence, we reverse the district court's decision revoking Todd's probation and remand for a new probation violation hearing consistent with K.S.A. 2016 Supp. 22-3716.

Reversed and remanded.