NOT DESIGNATED FOR PUBLICATION

No. 123,366

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COURTNEY DOUGLAS GRAYSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed March 25, 2022. Affirmed.

*Bryan Cox* and *Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: The State charged Courtney Douglas Grayson with several serious crimes arising out of a traffic stop. During a recess in jury selection, police officers served a search warrant on Grayson outside the courthouse. Fearing that prospective jurors may have seen service of the warrant on Grayson and became prejudiced against him, Grayson demanded a mistrial. The district court granted a mistrial with Grayson's new trial not starting until after the statutory speedy trial period had run. A jury found Grayson guilty of some, but not all, of the charges. Grayson now appeals, arguing the State violated his statutory speedy trial rights. However, because the district court granted

1

a mistrial at Grayson's request, the statutory speedy trial clock restarted, meaning that Grayson's statutory speedy trial rights were not violated. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Grayson with possession of methamphetamine, possession of drug paraphernalia, eluding police, interference with a law enforcement officer, driving while suspended, and illegal registration of a vehicle arising from a traffic stop on December 31, 2018. Grayson was arraigned on May 9, 2019, and his jury trial was set for October 1, 2020.

After prospective jurors had been sworn in for voir dire—otherwise known as jury selection—Grayson's attorney alerted the district court to a situation that occurred during the previous recess. According to Grayson's attorney, while Grayson was standing outside the courthouse, three or four police officers served a search warrant on him. His attorney explained the jury had access to that area and could have witnessed the officers swab Grayson's cheek, which would be highly prejudicial to Grayson, and stated the prosecution knew about the warrant. Grayson's attorney asked for a mistrial on the grounds that the officers' actions were extremely prejudicial to Grayson and prevented him from obtaining a fair trial.

The prosecutor informed the district court he had been attempting to discuss with the court's administrative assistant and the officers a way to serve the warrant without prejudicing Grayson, but the officers served the warrant before he could contact them. The State believed a mistrial was premature because, given the relatively short break, the jurors likely remained inside the courthouse.

2

The district court inquired if it would be appropriate to bring the jurors in and ask if any went outside during the break, but Grayson's counsel argued that asking the jurors any questions could alert them that something happened and would be prejudicial.

The district court declared a mistrial and placed the case on the criminal assignment docket, noting the mistrial had been granted at Grayson's request.

A new pretrial hearing was held on January 3, 2020. At this hearing, Grayson argued the speedy trial clock should not have restarted because the mistrial had been necessary due to the acts of the State—service of the warrant by the police officers—meaning the time should be charged to the State. The district court rejected this reasoning and denied Grayson's request to assign the time to the State.

A new trial was held on January 23 and 24, 2020. The jury found Grayson guilty of possession of methamphetamine, possession of drug paraphernalia, eluding police, and illegal registration of a vehicle, but not guilty of interference with law enforcement and driving while suspended.

The district court sentenced Grayson to 37 months' imprisonment for possession of methamphetamine; 6 months in jail for possession of drug paraphernalia, to be served concurrently with the possession of methamphetamine sentence; 6 months in jail for eluding police, to be served consecutively to the other two sentences; and fined him $100 for illegal registration of a vehicle.

Grayson timely appeals.

WERE GRAYSON'S STATUTORY SPEEDY TRIAL RIGHTS VIOLATED?

Grayson's sole issue on appeal is that his convictions should be reversed because his statutory speedy trial rights were violated. Specifically, Grayson claims the district court lacked the power to declare a mistrial during voir dire because the trial had not yet started. Grayson also argues the speedy trial clock should not have restarted when the district court declared a mistrial because the mistrial was due to actions by the State.

In response, the State argues that even assuming the district court erred in declaring a mistrial, Grayson invited any such error by asking for the mistrial. It also points to precedent from the Kansas Supreme Court that allows a mistrial to occur during voir dire. The State also argues the prosecutors were not at fault for the acts of the police officers as the officers decided on their own to serve the warrant on Grayson, meaning the mistrial restarted the speedy trial clock as the mistrial was attributable to Grayson. Alternatively, the State claims K.S.A. 2019 Supp. 22-3402(g) bars any reversal of Grayson's convictions on speedy trial grounds.

*Standard of Review*

Whether the State violated a criminal defendant's statutory right to a speedy trial raises a legal question we review de novo. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015). To the extent this appeal raises issues of statutory interpretation, the same standard of review applies. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

*Analysis*

As we have indicated, Grayson's sole issue on appeal is that his statutory speedy trial rights were violated contrary to K.S.A. 2019 Supp. 22-3402. Because he does not

allege a constitutional speedy trial violation, we consider any such argument abandoned. See *State v. Dupree*, 304 Kan. 43, 48, 371 P.3d 862 (2016).

The statutory speedy trial clock commences at arraignment. *Brownlee*, 302 Kan. at 503. The State must bring a defendant held on an appearance bond to trial within 180 days after arraignment. K.S.A. 2019 Supp. 22-3402(b). But any delays resulting "'from the request of a defendant toll the statutory speedy trial period.'" *Brownlee*, 302 Kan. at 506; see K.S.A. 2019 Supp. 22-3402(b). "The statutory speedy trial right is waived if a defendant requests a continuance or files a motion that delays trial beyond the statutory deadline. [Citation omitted.]" *Brownlee*, 302 Kan. at 506-07. And defense counsel's actions delaying the trial are also attributed to the defendant unless the defendant timely voices an objection to counsel's actions. 302 Kan. at 507. In the event a mistrial is declared, the speedy trial clock is restarted from the date of the mistrial. K.S.A. 2019 Supp. 22-3402(f).

Grayson was arraigned on May 8, 2019, and his jury trial began on October 9, 2019. But the district court declared a mistrial during voir dire on the day the trial began. Grayson's new trial did not begin until January 23, 2020. According to our calculations, Grayson's first trial began 154 days after his arraignment, and his second trial began 259 days after his arraignment. However, Grayson's second trial began 105 days after the district court declared a mistrial, which was within the 180-day statutory limit. The dispositive question before us, then, is whether the district court's declaration of a mistrial on October 9, 2019, reset the clock.

A district court may terminate a trial and order a mistrial at any time the district court finds termination necessary because "[p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution." K.S.A. 22-3423(1)(c).

5

As an initial matter, Grayson disputes the assertion that his trial began with jury selection. He argues a trial does not start until the jury is sworn in. Under Grayson's definition, voir dire is not part of a trial, meaning a mistrial cannot be declared during voir dire and the statutory speedy trial cannot be reset. The problem with Grayson's argument is that even if he is correct that the district court lacked the power to grant a mistrial during voir dire, any alleged error was invited by Grayson.

Generally, a defendant cannot complain on appeal about a claimed error that the defendant invited. "'One who by his own act invites and leads the court into erroneous action cannot complain of it nor take advantage of the ruling.' [Citations omitted.]" *State v. Parks*, 308 Kan. 39, 42-43, 417 P.3d 1070 (2018). "In other words, if a party gets what that party asks for, the party cannot be heard to complain later." *State v. Lehman*, 308 Kan. 1089, 1092-93, 427 P.3d 840 (2018). Thus, to the extent the district court erred in granting a mistrial during voir dire, Grayson invited the error because he asked for the mistrial.

Nevertheless, even if we consider the merits of Grayson's argument, we are unpersuaded because Grayson's argument has been previously rejected by our Supreme Court.

In *State v. Mays*, 277 Kan. 359, 85 P.3d 1208 (2004), the district court declared a mistrial during voir dire because of the unavailability of jurors. On appeal, Mays argued there could be no mistrial because the jury had not been sworn. Instead, Mays asserted the district court should have discharged the jury panel and called a new panel within the speedy trial limits. The Kansas Supreme Court noted K.S.A. 22-3423 "does not define 'trial' or state that a trial only begins when a jury has been sworn and, therefore, that jeopardy has attached pursuant to K.S.A. 21-3108(1)(c). However, other statutes include jury selection within references to trial." 277 Kan. at 371.

6

The *Mays* court relied on *State v. Bierman*, 248 Kan. 80, 805 P.2d 25 (1991), where the defendant argued her trial did not begin within the statutorily required 90 days because the voir dire examination began on the 90th day but the jury was not sworn in until the 91st day. The Supreme Court explained "'brought to trial'" as contained in the speedy trial statute does not mean the date a defendant is placed in jeopardy, "but rather relates to the date the jury panel is sworn for the voir dire examination." 248 Kan. at 88. The court held Bierman's statutory right to a speedy trial was not violated because the jury panel was sworn in for voir dire examination within 90 days of her arraignment. 248 Kan. at 89. The *Mays* court found the district court's grant of a mistrial accorded with *Bierman* and ultimately held:

> "We hold that, under K.S.A. 22-3423(1)(a), a trial court may declare a mistrial during voir dire even before the jury is sworn and jeopardy has attached. Thus, the trial court correctly invoked the provisions of K.S.A. 22-3402(4) [now K.S.A. 2019 Supp. 22-3402(f)] which state that '[i]n the event a mistrial is declared . . . the time limitations provided for herein shall commence to run from the date the mistrial is declared . . . .'" *Mays*, 277 Kan. at 371.

Accordingly, voir dire is part of the jury trial, and a district court has the power to declare a mistrial during that time.

Here, the district court granted a mistrial at Grayson's request during jury selection because of possibly prejudicial actions taken by law enforcement which could have been seen by prospective jurors. The granting of a mistrial restarted the statutory speedy trial clock, and Grayson's new trial started within the proscribed period. Thus, it appears Grayson's speedy trial rights were not violated.

Grayson also argues any mistrial was caused by the State's misconduct, meaning the speedy trial clock did not reset. However, according to K.S.A. 2019 Supp. 22-3402(g), any delay requested by the defendant or the defendant's attorney is charged to

the defendant, even if it is later determined the delay should be charged to the State, "unless there is prosecutorial [error] related to such delay." Grayson asserts the prosecutor was aware the officers wanted to serve the warrant and was aware of the prejudicial effect of doing so. Grayson also believes the State should be held responsible for the officers' actions because the officers who served the warrant were witnesses for the State in Grayson's case.

The prosecutor explained his knowledge:

"Well, Your Honor, we had been attempting to discuss with your AA and then, potentially, the officer[s], a way of serving this warrant that didn't raise this very issue but, unfortunately, they served it before I was able to get ahold of them."

The prosecutor's words show that, rather than participating in a prejudicial action, the State attempted to facilitate the service of the warrant in an inconspicuous manner, but the officers served the warrant on Grayson before the State could ask them to wait.

Grayson's attorney acknowledged this at the second pretrial hearing. In arguing the speedy trial issue, Grayson's attorney stated the State did not tell the officers to hold off but admitted, "[The State] did not realize [the officers] were going to do it that minute and, essentially, did not control the issue that could have been perceived to happen." Grayson also acknowledges in his brief that the prosecutor wanted to confer with the district court's administrative assistant and the police but could not notify the officers in time.

No prosecutorial error occurred here. While Grayson asked for a mistrial after officers served a search warrant on him outside the courthouse, potentially in front of jurors, this was not an action attributable to the State. Indeed, the prosecutor was trying to facilitate the service of the warrant in a manner that would not prejudice Grayson.

8

The district court properly declared a mistrial and attributed the request to Grayson. The granting of a mistrial restarted the 180-day speedy trial clock. As Grayson was brought to trial within 180 days from the date of the mistrial as required by the speedy trial statute, his statutory speedy trial rights were not violated.

Affirmed.