NOT DESIGNATED FOR PUBLICATION

Nos. 127,332
127,333
127,334

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB COX,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed December 12, 2025. Sentences vacated in part and case remanded with directions.

*Jennifer Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach,* attorney general, for appellee.


Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.


PER CURIAM: Jacob Cox pled guilty to the charges in three separate cases and was later sentenced at a common sentencing hearing. In this consolidated appeal, Cox contends that he did not receive proper jail time credit on his sentences in two of the cases and was improperly ordered to pay a bond forfeiture alias warrant fee in one case.

Following the guidance given by our Supreme Court in *State v. Ervin,* 320 Kan. 287, 311-12, 566 P.3d 481 (2025), we must vacate the district court's determination of

jail time credit and remand the two cases for resentencing on the question of jail credit. Additionally, we vacate the bond forfeiture alias warrant fee in the remaining case because the district court failed to approve the fee on the record. Because we are vacating a portion of his sentences, on remand, the sentencing court is free to assess costs after making appropriate findings.

*Three cases, three pleas, and three sentences imposed*

Cox admitted his crimes by submitting pleas in three prosecutions.

*Case No. 22-CR-1770*

In his first case, 22-CR-1770, Cox pled guilty to two counts of burglary, one being a severity level 7 nonperson felony and the other a severity level 9 nonperson felony. The district court imposed a concurrent 34-month prison sentence and 7-month prison sentence with 12 months of post-release supervision. The district court announced at sentencing that Cox would receive all the jail credit he was entitled to, and the journal entry reflects that he was awarded 191 days in jail credit. The journal entry also shows that the district court imposed a $193 fee for "B.F.A.W."

*Case No. 22-CR-1774*

In his second case, 22-CR-1774, Cox pled guilty to three counts of burglary, the first being a severity level 7 nonperson felony and the other two severity level 9 nonperson felonies. The district court imposed a 34-month prison sentence for the first burglary conviction and imposed 7-month prison sentences for the remaining two counts to be served concurrently. Cox was awarded 122 days of jail credit in this case.

2

In his third case, Cox pled guilty to one count of theft, a severity level 9 nonperson felony. He received a 17-month prison sentence with 12 months of post-release supervision. The district court ordered that Cox serve his sentence in this case consecutive to his other two cases. The district court awarded Cox no jail credit for this case, reasoning that to award more jail time credit would be duplicative: "For dates above not awarded, defendant was also held on 22CR1770. From 04/06/23 to 06/07/23 and from 12/13/23 to 02/09/24, defendant was also held on 22CR1774. As this case is consecutive to 22CR1770 and 22CR1774, defendant is not eligible for duplicate credit for these dates in 23CR458."

*There have been changes in the law governing jail credit.*

Under K.S.A. 21-6615, a defendant is entitled to have their sentence reduced by the number of days the defendant spent incarcerated pending the disposition of their case. The statute plainly states that the commencement date of a defendant's sentence "shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a).

Recently, the Supreme Court held that the statute requires a defendant to receive one day of credit for each day spent incarcerated pending the disposition of their case, even if this results in duplicative credit. *Ervin*, 320 Kan. at 311-12. Applying *Ervin,* a panel of this court recently found that a defendant sentenced to consecutive prison sentences was entitled to jail credit in both cases for the same days spent incarcerated pending disposition of both cases. *State v. Watie*, 66 Kan. App. 2d 166, 167-70, 577 P.3d 674 (2025), *petition for rev. filed* October 24, 2025.

3

Cox resolves this issue in two steps. He argues that he is entitled to additional jail credit in 22-CR-1774 because, except for four days between charges being filed in the two cases, he was incarcerated pending the disposition of 22-CR-1770 and 22-CR-1774. Cox contends then that he should receive credit for each day spent in jail for each case. He argues that he is entitled to 187 days of jail credit in 22-CR-1774—not the 122 days awarded by the district court.

Second, Cox argues the district court erred by failing to award any jail credit in 23-CR-458. By not awarding any jail credit, Cox contends the district court violated the plain language of the statute. Because Cox was in custody pending the disposition of 23-CR-458, he suggests that he's entitled to jail credit for those days spent incarcerated.

*Ervin* controls here. This court is duty-bound to follow Supreme Court precedent, and there has been no indication that the court no longer intends to follow *Ervin*.

Like many cases this court has recently considered, Cox's appeal was pending when *Ervin* became binding precedent. See, e.g., *Watie*, 66 Kan. App. 2d at 168. In line with these cases, we will follow the Supreme Court's interpretation of K.S.A. 21-6615(a) and apply it here.

Applying *Ervin*, we hold that Cox is entitled to jail credit for each day he spent incarcerated pending the disposition in each case—even if this results in duplicative credit. Therefore, the district court erred in calculating Cox's jail credit in 22-CR-1774 and 23-CR-458. We note that the modification to K.S.A. 21-6615 was effective May 23, 2024. But Cox committed his offenses in 2022 and 2023, and the prior version of the statute applies to this remand.

4

Accordingly, we vacate the district court's determination of jail time credit in 22-CR-1774 and 23-CR-458 and remand this issue to the district court to award Cox jail credit for the additional days he spent incarcerated pending the disposition of his cases.

*We address the bond forfeiture alias warrant fee issue.*

Cox contends he should not have to pay a certain fee assessed in one of the cases. The journal entry in 22-CR-1770 shows a $193 "B.F.A.W." fee. While the "B.F.A.W." fee was listed in the journal entry, the district court never mentioned the fee at Cox's sentencing hearing. Instead, the court imposed "standard court costs." In Cox's other two cases, no such fee was imposed. We have translated the initialism to mean "bond forfeiture alias warrant" fee.

We have found no statute specifically requiring the district court to impose a "B.F.A.W." fee. Therefore, before imposing such a fee as part of the costs, the court must approve the fee and the fee must bear a reasonable relation to the prosecution. See *State v. Alvarez*, 309 Kan. 203, 208, 432 P.3d 1015 (2019). At sentencing here, the court only imposed "standard court costs." A review of the record reveals only one mention of a bond forfeiture alias warrant fee, which appears in the journal entry of Cox's sentence in 22-CR-1770.

The State concedes this error.

Because the district court failed to approve the fee on the record, the court erred by imposing the fee in the sentencing journal entry. Accordingly, we vacate that $193 "B.F.A.W." fee. Upon remand and resentencing, the court—after making appropriate findings—can then impose the fees as permitted by *Alvarez*.

Sentences vacated in part. Cases remanded for resentencing concerning jail time credit and the assessment of fees and costs.

Sentences vacated in part and case remanded with directions.